.JAMES FLEMMING, JUN., v. THE CLERK OF THE COUNTY
OF HUDSON.

Under the act respecting conveyances (*Nix. Dig.* 131, § 9,) and the act
respecting mortgages, (*Nix. Dig.* 550, § 1,) the clerks of the Courts of
Common Pleas are entitled to charge all persons making searches the
"fees allowed by law." The fees are allowed for searches as well as
for transcripts.

The plaintiff applied to the court for a rule to show cause
why a *mandamus* should not issue against defendant, as clerk
of the Court of Common Pleas of Hudson county, requiring
him to allow the applicant, as one of the attorneys of the
court, to make searches in the books of record in his office
without the payment of fees.

The motion was argued by the applicant *pro se.*

The opinion of the court was delivered by

HAINES, J. A motion is made on behalf of James Flem-
ming, one of the practising attorneys of this court, for a rule
to show cause why a writ of *mandamus* shall not issue to the
clerk of the courts and county of Hudson, commanding him
to allow to the applicant, the temporary use of the books of
judgments of the said court, and of the indexes of the same,
for the purpose of making search for judgments against a
person named, without payment of any fees. A demand in
writing, of permission to use the book, was made upon the
clerk, and refused by him, unless the fees were paid.

This presents a question as to the duties and immunities of
the clerk in relation to the public records; a question of
general interest, affecting the clerks of the several counties,
and of the state courts as well.

The question affects, also, the rights of the public, of persons
for whose benefit and protection the records are made, and
of those whose business or interest it is to know their contents.
Before a rule will be granted to show cause why the sum-
mary. prerogative writ of *mandamus* should not issue, the

court should be satisfied that there is a *prima facie* case of neglect or abuse on the part of the clerk, and that there is no other mode of adequate redress. Is such a *prima facie* case made here?

Offices are defined to be the right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging; and among the rights of things, are classed with incorporeal hereditaments.

Their existence, says Sir William Blackstone, is merely in idea and abstracted contemplation, though their effects and profits may be frequently objects of our bodily senses.

The abstractive in this case does not demand our attention; it is the effects and profits, the duties and perquisites, with which we are to deal.

The duty of the clerk, enjoined by statute, is to make and preserve the appropriate records of his office; of the clerk of the county, upon the final determination of any civil cause, to make a complete record of the declaration, pleadings, proceedings, and judgments in such case in a separate book to be kept for the purpose, with a complete alphabetical index to the same. *Nix. Dig.* 660, § 77.*

By the 9th section of the act respecting conveyances, (*Nix. Dig.* 131, § 9,)† he is required to record, in large well bound books of good paper, to be provided for the purpose, and carefully preserved, all deeds and conveyances of lands lying within his county, properly certified to have been proved or acknowledged, which shall be delivered to him to be recorded.

He is bound not only to *make* these records, but to *preserve* them, and at the expiration of his term of office, to *deliver* them to his successor. To secure the performance of these duties, he is required to be solemnly sworn, and to enter into bond with sureties in the penalty of five thousand dollars.

The preservation of these records includes not only the keeping of the books in safe custody, but their security against alteration or mutilation. To steal, embezzle, alter,

* *Rev.*, p. 409, § 3.   † *Rev.*, p. 157, § 25.

·or falsify any record, writ, minute, document, or other pro-·ceeding belonging to any of the courts of this state, or to the ·office of the secretary of state, or to any office of any clerk ·of the courts of this state, is a high crime, punishable by fine .and imprisonment.

Thus it is seen of how much importance are considered the ·public records, in which so many rights of persons and of property are involved, and what precautions have been taken ·against their loss or mutilation.

This high trust is committed to the clerk, and he is held responsible for its fulfillment by the obligation of his oath, by the penalty of his official bond, by his liability to a civil action for a penalty fixed by the statute, and for damages to a party injured, .and also to being removed from his office. 1 *Keble* 597.*

For these services the statute has provided compensation for the filing of papers and making the records, and by fees for making searches, and when required, for certificate and .seal. These fees are fixed by statute, and are intended to be fair and reasonable compensation for the labor and responsibility of the office. These perquisites pertain to the office, .and belong to the clerk as the products of the abstract incorporeal hereditaments. He is as much entitled to fees for searching as for making the records.

But it is insisted that, under the act concerning conveyances, the attorneys of the court have the right to make the .searches themselves, independently of the clerk, and with-·out payment of fees. The 9th section of the act, which provides for making the records of deeds in proper books, has the provision, that to those books every person shall have free access at proper seasons, and be entitled to transcripts of the same on paying the fees allowed by law; and the act of 15th April, 1846, concerning mortgages (*Nix. Dig.* 550),†provides that every person may have access to the books at proper seasons, and may search the same, paying the fees .allowed by law. There is no such provision concerning the .records of judgments; the act of March 9th, 1845, (*Nix. Dig.*

---

*Town of Wigan v. Pilkington.  † Rev., p. 705, § 17.

406)* relates to the docketing of judgments of the Circuit Court into the Supreme Court.

These clauses, beyond question, authorize the free access, at proper seasons, to the records of deeds and mortgages, not only of the attorneys of the court but of all persons. The expression is, " to which books *every person* shall have access." No distinction of persons is made. But there is a condition annexed, " on paying the fees allowed by law."

The fees allowed are for searches as well as for transcripts. The true construction of the clause is, that every person may have access to the records; but through the agency or under the supervision of the clerk, and with his assistance, and on the payment of the lawful fees. If the clerk chooses to take the responsibility of allowing the attorneys of the court, or any other person, to make searches and abstracts, he may do so; but upon such terms, within the limits of the fee bill, as they may agree upon.

It was never intended to hold the clerk responsible for the preservation of the books and files of the court, and to hold him by so many checks and ties, and yet open the office for the search of the books, the handling of the papers by any one who may demand it. Every one, is a very comprehensive expression. If the clerk must admit one, he has no right to exclude any; and who, in such case, would be willing to vouch for the books and papers? Who would be willing to swear, and to bind himself and sureties in a penalty to deliver them to his successor?

There is neither authority of law, nor justice, nor propriety, nor safety to individuals, nor to the public, in so opening the doors of the office, and so exposing these valuable public records. The clerks now officiating did not take their offices subject to such a burthen, and it should not now be imposed upon them. Should the legislature think proper to alter the law upon the subject, they will, as a matter of common justice, relieve the clerks from the responsibilty of preserving the files and records, or make the act prospective. They will not hold him to so great a responsibility, and deprive him of so much of his compensation.

* *Rev., p.* 521, § 7.

The duties and perquisites should be reciprocal, and as far as may be, equivalent.    They cannot be so, if the office is open to such use of every one, without payment of the lawful fees.

The rule to show cause must be denied.

ELMER, J., concurred.

VAN DYKE, J., dissented.

OVERRULED in *Lum v. McCarty*, 10 *Vroom* 288.